IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOAN FOX and FREDRICK L. TIDWELL, SR.                    PLAINTIFF

VS.                                    CIVIL ACTION NO.: 4:25-cv-174-JDM-JMV

SAFE SECURITY, INC, JUDGE VINCE
MARASCALCO, ALBERT C. BRITT, and
DAVID DAIGNEAULT                                          DEFENDANTS

### REPORT AND RECOMMENDATION OF DISMISSAL

This matter is before the court to recommend dismissal of Plaintiffs' amended pro se complaint for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. § 1915(E)(2)(B). [Doc. 17].

28 U.S.C. § 1915(e)(2)(B) imposes a screening responsibility on the district court when the plaintiff has been granted pauper status. That section provides in relevant parts as follows: "[T]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is "frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

In reviewing a plaintiff's complaint under Section 1915 for failure to state a claim, courts apply the same standard that is applied to motions filed under Federal Rule of Civil Procedure 12(b)(6). *See Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016) (citing *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)). To survive a motion to dismiss, plaintiffs are required

1

to plead "enough facts to state a claim to relief that it is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Put differently, "[f]actual allegations must be sufficient to raise a non-speculative right to relief." *Colony Ins. Co. v. Peachtree Constr. Ltd.*, 647 F.3d 248 (5th Cir. 2011). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). The question, therefore, is whether in the light most favorable to plaintiff, the complaint states any valid claim for relief. *Ford v. Anderson Cnty., Texas*, 102 F.4th 292, 318 (5th Cir. 2024).

On October 29, 2025, the pro se Plaintiffs filed four separate cases in this district court. Due to the common parties, common questions of facts and law, and risk of inconsistent adjudications in addition to the promotion of judicial economy, the four cases were consolidated based on Federal Rule of Civil Procedure 42(a). *See* Order of Consolidation [Doc. 5]. On November 4, 2025, the undersigned granted Plaintiffs' motions to proceed in forma pauperis and recommended dismissal of the four filed complaints pursuant to 28 U.S.C. § 1915(E)(2)(B). [Doc. 15]. On November 14, 2025, Plaintiffs filed an objection to the report recommendation of dismissal. [Doc. 16]. On the same day, Plaintiffs also filed a new amended complaint. [Doc. 17]. Plaintiffs' amended complaint is divided into two sections, the first section bringing claims by both Plaintiffs against Safe Security, Inc. and Vince Marascalco and a second section bringing claims by Frederick L. Tidwell, Sr. against Albert C. Britt.

Plaintiffs purport to bring claims against Safe Security, Inc. and Vince Marascalco under 18 U.S.C. § 242. "In order for a private right of action to exist under a criminal statute, there must

2

be a 'statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" *Ali v. Shabazz,* 8 F.3d 22 (5th Cir. 1993) (per curiam); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979)("[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person."); *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283-84 (2002) (The question of whether Congress intended to create a private right of action is "definitively answered in the negative where a statute by its terms grants no private rights to any identifiable class."). "[P]rosecution of an action under 18 U.S.C. § 242 lies solely within the discretion of the Office of the United States Attorney General, leaving plaintiffs with no private right of action under that statute." *Menefee v. Houston Police Dep't*, No. 4:14-CV-01705, 2016 WL 3093131, at *4 (S.D. Tex. May 11, 2016); *see also Johnson v. Fed. Bureau of Investigation*, No. CV H-16-1337, 2016 WL 9776489, at *3 (S.D. Tex. Nov. 17, 2016); *Yahoshua-Yisrael Ex Rela tione Ellis v. Adams*, No. 3:16CV00186-GHD-JMV, 2017 WL 2125809, at *5 (N.D. Miss. Mar. 22, 2017), report and recommendation adopted sub nom. *Yahoshua- Yisrael v. Adams*, No. 3:16-CV-186-GHD-JMV, 2017 WL 2125767 (N.D. Miss. May 15, 2017). As Plaintiffs have no private right of action, Plaintiffs cannot state a claim upon which relief can be granted.

The second section of the complaint is brought by Frederick L. Tidwell, Sr. against Albert C. Britt. Plaintiff brings a single claim under 42 U.S.C. § 1983 against Britt. However, Plaintiff fails to state a 1983 claim under which relief can be granted. Plaintiff's statement of claim reads in relevant part:

> "On September 9, 2024 at 3:00 PM Albert C. Britt faced Judge Lancaster in case number 42-1-cc in the circuit court for intentionally and willingly altering a police report that stemmed from an assault on myself and my 7 year old special needs son ZLB. Stating that I made bodily contact with the security officer on duty at the Grenada lower Elementary School. After requesting to review the video footage Albert C. Brit immediately went and altered those

documents. The false police reports that he intentionally falsified was intended to be used to convict me of an assault charge that I did not commit violating federal law…"

[Doc. 17] at 9.

To prevail upon a § 1983 claim, a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation. *Whitley v. Hanna,* 726 F.3d 631, 638 (5th Cir. 2013). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988). "[T]he court must consider: (1) whether the officer 'misuse[d] or abuse[d] his official power,' and (2) if 'there is a nexus between the victim, the improper conduct, and [the officer's] performance of official duties.'" *Bustos v. Martini Club Inc.*, 599 F.3d 458, 464-65 (5th Cir. 2010) (alterations in original) (quoting *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002)). Plaintiff does not allege that Defendant Britt is a state officer nor that he exercised any power possessed under state law when he allegedly falsified documents with the intent to serve as a basis for convicting Plaintiff of assault. As Plaintiff fails to plead necessary elements of a Section 1983 claim, he cannot state a claim for which relief can be granted.

As Plaintiffs amended complaint attempts to bring claims where there is no private right of action and fails to plead necessary elements of a Section 1983 claim, the undersigned recommends that Plaintiff's amended complaint be DISMISSED for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

4

**Procedure for Objections**

The *pro se* Plaintiffs are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event they desire to file objections to the findings and recommendations herein contained. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within (14) fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).

Respectfully submitted, this the 26th day of February, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**