**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

JOAN FOX and FREDRICK L. TIDWELL, SR.                    **PLAINTIFFS**

V.                                                    **CAUSE NUMBER: 4:25-cv-174-JDM-JMV**

SAFE SECURITY, INC, JUDGE VINCE
MARASCALCO, ALBERT C. BRITT, and
DAVID DAIGNEAULT                                        **DEFENDANTS**


**<u>ORDER AND MEMORANDUM OPINION</u>**

Before the Court is Defendants Vince Marascalco and Safe Security, Inc.'s motion for judgment on the pleadings. [45] They seek to dismiss pro se Plaintiffs Joan Fox and Fredrick L. Tidwell, Sr.'s second amended complaint. Fox and Tidwell originally filed four complaints which the Court consolidated. [5] Each complaint centered around an encounter at Grenada Lower Elementary School. But because the consolidated complaints failed to state a claim on which relief could be granted, the Court allowed Fox and Tidwell to amend the complaint twice. In their second amended complaint, Fox and Tidwell allege a school security officer—employed by Safe Security—accosted Tidwell and his son while Tidwell dropped the boy off at school. From this complaint, Safe Security and Marascalco moved for judgment on the pleadings.

The Court agrees with Safe Security and Marascalco that the second amended complaint fails to state a claim against them. Fox and Tidwell alleged Safe Security and Marascalco violated a federal criminal statute. But private individuals like Fox and Tidwell cannot enforce a criminal statute. So this claim must be dismissed. The amended complaint also alleges a violation of 42 U.S.C. § 1983. But Fox and Tidwell did not allege any involvement by Safe Security or Marascalco in the school encounter. The complaint's allegations focus on the school security

officer. It lacks any facts about how Safe Security or Marascalco allegedly violated a constitutional right. So the § 1983 claim must be dismissed as to Safe Security and Marascalco.

Safe Security and Marascalco's Motion for Judgment on the Pleadings is **GRANTED**.

**Facts and Procedural History**

This case began with an incident in November 2023 at Grenada Lower Elementary School. Tidwell alleges that, as he dropped off his special-needs son, a school security officer approached him. He alleges the officer—employed by Safe Security—yelled and followed him and his son to the school entrance where the officer pushed the door against Tidwell's legs. Tidwell claims this event caused his son fear and distress. Following this event, Tidwell and Fox—the boy's mother— filed four different complaints which this Court consolidated.

In the first complaint, Fox sued Safe Security and Marascalco alleging that a Safe Security employee assaulted her son on the way into school. In the second complaint, Tidwell sued Safe Security and Marascalco alleging the officer attacked and assaulted him and his son. In the third, Tidwell sued Albert Britt, Police Chief of Grenada School District. Tidwell alleged Britt falsified a police report about the alleged assault. Finally, Tidwell sued David Daigneault. He alleged Daigneault "wrote a letter falsifying information" aimed at having Tidwell banned from school property. But the subsequent, amended complaints do not name Daigneault as a party. So he is no longer a defendant.

After consolidating the four cases, the Magistrate Judge recommended dismissal for failure to state a claim on which relief can be granted. She found the cases invoked federal statutes that do not provide a private right of action. And because Fox and Tidwell could not invoke this Court's jurisdiction, their complaints should be dismissed.

In response to the Magistrate's Report and Recommendation [15], Fox and Tidwell amended their complaint. [17] The amended complaint included two sections. One section brought claims by both Fox and Tidwell against Safe Security and Marascalco. The other section brought Tidwell's claims against Britt. But the amended complaint again attempted to bring claims without a private right of action. It also failed to plead necessary elements of a claim under 42 U.S.C. § 1983. So again, the Magistrate Judge recommended dismissal. [19]

After reviewing the Magistrate's two Reports and Recommendations and Fox and Tidwell's objections, this Court declined to adopt the Reports and Recommendations. [23] Due to precedent recommending leniency to pro se litigants, the Court allowed Fox and Tidwell to again amend their complaint to address the legal deficiencies the Magistrate noted. Fox and Tidwell then filed their second amended complaint against Safe Security, Marascalco, and Britt. [26] And they alleged federal question jurisdiction under 18 U.S.C. § 242 and 42 U.S.C. § 1983. From this operative complaint, Safe Security and Marascalco moved for judgment on the pleadings.[1]

### Dismissal Standard

The same standard for a Rule 12(b)(6) motion to dismiss applies to Safe Security and Marascalco's motion to dismiss on the pleadings. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). And "[t]o be

---

[1] Though styled a Motion to Dismiss, the Court considers it as a motion for judgment on the pleadings because Safe Security and Marascalco had already answered the amended complaint. [35] *See Sonnier v. Crain*, 649 F. Supp. 2d 484, 492 (E.D. La. 2009) ("If a defendant's motion to dismiss for failure to state a claim is filed after the defendant filed an answer, the motion is required to be considered by the district court as a motion for judgment on the pleadings.").

plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). While "a pro se complaint is to be construed liberally[,] [e]ven a liberally construed pro se civil rights complaint . . . must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citing *Brinkmann v. Johnston*, 793 F.2d 111, 112 (5th Cir. 1986); *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988)).

## Discussion

In their amended complaint, Fox and Tidwell lodge their claims against Safe Security and Marascalco under 18 U.S.C. § 242 and 42 U.S.C. § 1983. But there is no private right of action under § 242. And they failed to sufficiently allege Safe Security or Marascalco's involvement in the incident to support a § 1983 claim. So the claims against Safe Security and Marascalco must be dismissed.

### I.    Section 242 Claim

Fox and Tidwell first claim that the events in front of Grenada Lower Elementary "may qualify as a deprivation of rights under color of law as described in 18 U.S.C. § 242." But they do not have a claim under that statute. That's because 18 U.S.C. § 242 is a federal criminal statute which private citizens cannot enforce.

"[P]rosecution of an action under 18 U.S.C. § 242 lies *solely* within the discretion of the Office of the United States Attorney General, leaving plaintiffs with no private right of action under that statute." *Menefee v. Houston Police Dep't*, No. 4:14-CV-01705, 2016 WL 3093131, at *4 (S.D. Tex. May 11, 2016) (emphasis added); *Touche Rosse & Co. v. Redington*, 442 U.S. 560,

4

568 (1979) ("[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person.").

Because there is no private right of action under § 242, Fox and Tidwell cannot state a claim upon which relief can be granted. So this claim is dismissed as to Safe Security and Marascalco.

## II.    Section 1983 Claim

Fox and Tidwell next contend that the security officer's conduct in front of the school "constitutes excessive force and a violation of constitutional rights actionable under 42 U.S.C. § 1983[.]" But even under a *very* generous reading of the pro se complaint, Fox and Tidwell have not stated a § 1983 claim against *Safe Security and Marascalco*. That's because Fox and Tidwell did not identify how either Safe Security or Marascalco were involved in the incident.

"[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant[.]" *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). And "[t]he overarching principle for municipal or corporate liability under 42 U.S.C. § 1983 is that an entity is not responsible for actions that might be attributed to it under principles of *respondeat superior*." *Olivas v. Corr. Corp. of Am.*, 408 F. Supp. 2d 251, 255 (N.D. Tex. 2006) (citing *Monell v. Dept. of Soc. Servs. of City of N.Y.C.*, 436 U.S. 658, 691 (1978)).

Taking the complaint as true, Fox and Tidwell have not alleged any acts Safe Security or Marascalco committed that violate a right protected by § 1983. Most alleged facts concern *the school security officer*. The only allegation against Safe Security is that the "security guard [was] employed by Safe Security[.]" And Fox and Tidwell cannot hold Safe Security responsible for its employee's actions under § 1983 because "vicarious liability will not attach under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell*, 436 U.S. at 694-95). This

5

means that without alleging Safe Security itself violated a constitutional right, Fox and Tidwell cannot go after Safe Security under § 1983. Merely alleging one of its employees may have violated a constitutional right is not enough. Thus, the § 1983 claim against Safe Security must be dismissed.

For this same reason, the § 1983 claim against Marascalco must also be dismissed. Fox and Tidwell alleged *no facts* against Marascalco. The complaint simply names him as a defendant. From the complaint, it is not even clear who Marascalco is or how he may be involved.[2] After giving Fox and Tidwell ample leniency as pro se plaintiffs, they have failed to allege Marascalco's involvement. So their § 1983 claim against Marascalco must be dismissed.

### III. Other Claims

The complaint also includes claims against non-moving defendant Albert Britt. They are contained in a section alleging "False.Police.Report.–Alteration.of.Records[.]" This section makes no allegations against either Safe Security or Marascalco. So any claims about the alleged false police report or alteration of records are dismissed to the extent they are asserted against Safe Security or Marascalco. This order does not affect any claims Fox and Tidwell may or may not have against Britt.

### Conclusion

This Court has made every effort to accommodate pro se plaintiffs Fox and Tidwell. But after a total of six complaints, they have failed to state any claim against Safe Security or

---

[2] The memorandum in support of the motion to dismiss identifies Marascalco as a sitting Justice Court Judge in Grenada County, Mississippi. But only from Fox and Tidwell's reply in opposition did it become clear that Marascalco is president of Safe Security. The Court emphasizes that none of the six complaints on the docket alleged Marascalco is Safe Security's president.

Marascalco.  Therefore, Safe Security and Marascalco's Motion to Dismiss [45] is **GRANTED**.

Fox and Tidwell's claims against Safe Security and Marascalco are **DISMISSED with prejudice**.

    **SO ORDERED**, this the 23rd day of July, 2026.

               /s/ James D. Maxwell II
               UNITED STATES DISTRICT JUDGE
               NORTHERN DISTRICT OF MISSISSIPPI