**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JOAN FOX and FREDRICK L. TIDWELL, SR. PLAINTIFFS**

**V. CAUSE NUMBER: 4:25-cv-174-JDM-JMV**

**SAFE SECURITY, INC, JUDGE VINCE MARASCALCO, ALBERT C. BRITT, and DAVID DAIGNEAULT DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

Before the Court is Defendant Albert Britt's motion for judgment on the pleadings. [59] He seeks to dismiss pro se Plaintiffs Joan Fox and Fredrick L. Tidwell, Sr.'s second amended complaint for failure to state a claim against him.

Fox and Tidwell alleged Britt—Chief of Grenada School Police—altered an "official incident report." The report detailed a confrontation between Tidwell and a Grenada Lower Elementary School security officer. According to the complaint, Britt's original report stated Tidwell touched the security officer. But Tidwell denied touching the officer. And when he questioned the report's accuracy, Britt agreed to review the security footage. Because the video showed Tidwell did not touch the officer, Britt amended his report to fix this discrepancy.

From this lone correction, Fox and Tidwell sued Britt for violating their constitutional rights and a criminal statute.

But Fox and Tidwell failed to identify *what* right Britt supposedly violated. The complaint simply alleged Britt corrected a minor error in an incident report. And after multiple complaints and amended complaints, Fox and Tidwell still have not alleged anything more than an amended incident report. So their constitutional-rights claims fail. As for the allegation Britt violated a criminal law, Fox and Tidwell cannot enforce a criminal statute. So this claim fails too. Therefore,

Britt's motion for judgment on the pleadings is **GRANTED**.

**Facts**

This Court's previous order covered the facts and procedural history. [56] In summary, Fox and Tidwell alleged a school security guard assaulted Tidwell and their son. They filed four cases, which the Magistrate Judge consolidated. After failing to state a claim against the defendants, the Court twice allowed Fox and Tidwell to amend their complaint. This brought their total number of complaints to six. The second amended complaint failed to state claims against Safe Security and Marascalco. So the Court dismissed them. That left Britt as the only remaining defendant.

All events relevant to Britt's motion and the claims against him happened after the school incident. According to the complaint, Tidwell requested an incident report about the purported assault. And Britt provided one. Tidwell then reviewed the report and was angered that it said he touched the school security officer. So he filed a complaint with the school's superintendent. Tidwell noted security footage showed he *did not* touch the security officer. After that, Britt contacted Tidwell. And two days later, he amended his report to correctly reflect Tidwell did not touch the officer. Notably, Tidwell did not allege Britt's report was a police report. Neither did he allege any prosecution against him stemming from the original, erroneous report. Instead, the complaint alleges Britt simply corrected an incident report.

But citing this mere correction, Fox and Tidwell sued Britt for violating their constitutional rights. The complaint lists claims for fabrication of evidence, deprivation of due process, and violations of 42 U.S.C. § 1983 and Mississippi Code § 97-11-1.[1] Britt moved for judgment on the

[1] This criminal statute provides, "If any clerk of any court, or public officer or any other person, shall wittingly make any false entry, or erase any work or letter, or change any record belonging to any court or public office, whether in his keeping or not, he shall, on conviction thereof, be

pleadings on each claim. Fox and Tidwell did not respond.

**Dismissal Standard**

The Rule 12(b)(6) standard applies to Britt's motion to dismiss on the pleadings. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). And "[t]o be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). While "a pro se complaint is to be construed liberally[,] [e]ven a liberally construed pro se civil rights complaint . . . must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citing *Brinkmann v. Johnston*, 793 F.2d 111, 112 (5th Cir. 1986); *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988)).

**Discussion**

Fox and Tidwell's amended complaint broadly lodges claims against Britt under 42 U.S.C. § 1983 and Mississippi Code § 97-11-1. But they did not allege a constitutional violation to support a § 1983 claim. This failure also precludes their fabricated evidence and due process claims. Further, there is no private right of action under § 97-11-1. So all claims against Britt must be dismissed.

**I. Violation of 42 U.S.C. § 1983 and Fabrication of Evidence**

The Court starts with Fox and Tidwell's § 1983 claim. It alleged Britt violated § 1983 by

imprisoned in the penitentiary for a term not exceeding ten years, and be liable to the action of the party aggrieved." Miss. Code Ann. § 97-11-1.

initially creating an incorrect incident report. But their allegations failed to identify what constitutional right Britt violated. This omission is fatal.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)).

Fox and Tidwell fail at this initial step because "there is no right to a completely accurate police report." *Smith v. Patri*, 99 F. App'x 497, 498 (5th Cir. 2004) (per curiam); *see also Rich v. Palko*, 920 F.3d 288 (5th Cir. 2019). With no constitutional right to a perfectly accurate police report, there certainly is no right to a perfectly accurate, internal "incident" report. Absent any allegation Britt violated a constitutional right, Fox and Tidwell's § 1983 claim fails as a matter of law.

The fabricated-evidence claim also falls under § 1983's umbrella. It is analogous to the common-law tort of malicious prosecution. *McDonough v. Smith*, 588 U.S. 109, 117 (2019). Tidwell's problem is that he "[can] not bring [a] fabricated-evidence claim under § 1983 prior to favorable termination of his prosecution." *Id.* And here, he has not even alleged he faced prosecution under the original report—much less a prosecution terminated in his favor. So he has no fabricated-evidence claim.

**II. Deprivation of Due Process**

Fox and Tidwell's due process claim fails for similar reasons. They have not identified what right Britt supposedly violated.

The Fourteenth Amendment provides two types of due process protections—procedural

and substantive. In a procedural due process claim, the first question "asks whether there exists a liberty or property interest which has been interfered with by the State[.]" *Holden v. Perkins*, 398 F. Supp. 3d 16, 22 (E.D. La. 2019) (quoting *Meza v. Livingston*, 607 F.3d 392, 399 (5th Cir. 2010) (internal quotation marks omitted). And "to establish a violation of substantive due process, a plaintiff must first show the existence of a constitutionally protected right[.]" *Id.* (citing *Simi Inv. Co., Inc. v. Harris Cnty., Tex.*, 236 F.3d 240, 249-50 (5th Cir. 2000)).

Fox and Tidwell do not specify the type of due process violation they purportedly suffered. But no matter the theory, Tidwell has no liberty interest in or a constitutional right to a perfect report. This is especially true where all when Britt did was amend his report—to correct it—after reviewing the surveillance video. So the due process claim must be dismissed for failing to identify a protected interest or right.

**III. Violation of Mississippi Code § 97-11-1**

Finally, Fox and Tidwell alleged Britt violated Mississippi Code § 97-11-1. This statute prohibits altering or making false entries in public records. Because they cannot prosecute Britt under that statute, their claim fails.

"[E]very indication from Mississippi's prosecutorial structure and caselaw shows that allowing private direction of prosecutions, which must after all be brought on behalf of the State, is disallowed." *In re Death Investigation of Andreacchio*, 382 So. 3d 1152, 1156 (Miss. 2024). In other words, private individuals cannot initiate a civil lawsuit based on a criminal law.

Section 97-11-1 is a criminal statute penalizing false entries in public records. Miss. Code Ann. § 97-11-1. Fox and Tidwell do not allege the report is a police report. So it is questionable whether the Court is even confronted with a public record. But that need not be resolved. That's because neither Fox nor Tidwell have prosecutorial authority. So they cannot invoke an alleged

violation of a criminal statute in a civil lawsuit. This claim must also be dismissed.

**IV. Section 242 Claim**

Though not explicitly lodged against Britt, the plaintiffs brought this lawsuit in part under 18 U.S.C. § 242. They laid that claim specifically against the dismissed defendants. And this Court kicked out the § 242 claim because it is a criminal statute—a statute that does not carry a private right of action. So to the extent Fox and Tidwell seek recovery from Britt under § 242, it too is dismissed for reasons explained in the Court's prior order. [56]

## Conclusion

After numerous complaints and amendments, Fox and Tidwell have failed to state any claim against Britt. Therefore, Britt's Motion for Judgment on the Pleadings [59] is **GRANTED**. Fox and Tidwell's claims against Britt are **DISMISSED with prejudice**.

Seeing no remaining claims or defendants, this **CASE is CLOSED**.

A separate judgment will issue this day.

**SO ORDERED**, this the 19th day of August, 2026.

/s/ James D. Maxwell, II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI